**SO ORDERED.**

**SIGNED November 20, 2007.**



_____
ROBERT SUMMERHAYS
UNITED STATES BANKRUPTCY JUDGE

_____

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| WETCO RESTAURANT GROUP, LLC | ) | Case No. 07-51169 |
| | ) | Chapter 11 |
| Debtor. | ) | |
| | ) | |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW AUTHORIZING AND
APPROVING DEBTOR'S MOTION FOR
AN ORDER AUTHORIZING THE SALE OF ASSETS FREE AND CLEAR OF LIENS,
CLAIMS, ENCUMBRANCES AND INTERESTS[1]**

This matter came on to be heard by this Court on (A) the Motion (the "Sale Motion") of Wetco Restaurant Group, LLC (the "Debtor") to (1) Approve the Debtor's Assumption and Assignment of Executory Contracts Pursuant to 11 U.S.C. § 365; and (2) Authorize the Sale (the "Sale") of assets to Cajun Operating Company (the "Buyer") Free and Clear of Liens, pursuant to 11 U.S.C. §§ 105, 363(b) and (f) and 365 and Rules 2002(a)(2), 6004(a), (b), (c), (e), and (g),

_____
[1] *The Findings of Fact and Conclusions of Law contained herein constitute the findings of fact and conclusions of law required to be entered by this Court with respect to the Motion pursuant to Rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Rules 7052 and 9014 of the Federal Rules of Bankruptcy Procedure.*

Doc:12738888/2

6006(a), (b), (d) and 9014 of the Federal Rules of Bankruptcy Procedure (the assets to be sold being more fully described in the Sale Motion and APA, and hereinafter referred to as the "Purchased Assets"); (B) the Court's Order dated October 24, 2007 (the "Bid Procedures Order") (1) authorizing the Debtor to enter into the APA with the Buyer; (2) establishing the date, time and place for the Auction; (3) approving the Break-Up Fee, Expense Reimbursement, and competitive bidding procedures contained in the APA (collectively, the "Bidding Procedures"); (4) approving the form of notice of the Hearing on the Sale Motion; and (5) scheduling a hearing (the "Sale Hearing") on the Sale Motion; and

Parties in interest having been heard, or having had the opportunity to be heard, regarding approval of the APA, the Sale and the transactions contemplated thereby (the "Transactions"), and this Court being fully advised in the premises, this Court, based upon the evidence presented to it hereby makes the following Findings of Fact and Conclusions of Law.

I. FINDINGS OF FACT

    A. Basis For Section 363 Sale

        1. Time is of the essence in consummating the Sale. Accordingly, to maximize the value of the Purchased Assets, it is essential that the sale of the Purchased Assets occur within the time constraints set forth in the APA.

        2. Except for specific Purchased Assets that are owned by Wetco Restaurant of Port Allen LLC, an affiliate of the Debtor (the "Nondebtor Seller"), all of the Purchased Assets are property of the Debtor's estate.

    B. Notice of Sale of the Purchased Assets

        1. Written notice ("Notice") of the Sale Hearing, pursuant to the Certificate of Service of Notice of the Hearing and Sale filed by the Debtor with this Court, was transmitted by

first class mail, postage prepaid on October 25, 2007 to: (a) John Weinstein, Esquire, Law Offices of Tom St. Germain, LLC, 1414 NE Evangeline Thrwy., Lafayette, LA 70501, counsel to the Debtor; (b) Wiley Rein LLP, 7925 Jones Branch Drive, Suite 6200, McLean, VA 22102, Attention: Valerie P. Morrison; and Gerald H. Schiff, Esquire, Gordon, Arata, McCollam, Duplantis & Eagan, L.L.P., 400 East Kaliste Saloom Road, Suite 4200, Lafayette, Louisiana 70508-8517, counsel to the Buyer; (c) Jeffrey Wegner, Kutak Rock LLP, The Omaha Building, 1650 Farnam St., Omaha, NE 68102-2186, counsel for GEFF; (d): Liberty Bank; (e) the Office of the United States Trustee; (f) parties in interest which are known to the Debtor; (g) all parties who have expressed interest in purchasing the Debtor's assets; (h) all parties to the Assumed Executory Contracts, if any; (i) all parties or entities known by the Debtor to assert Liens against or interests in some or all of the Purchased Assets; (j) all parties which have requested notice in the Debtor's Chapter 11 case; (k) applicable federal, state and local tax and environmental authorities; and (l) <u>all known creditors and equity security holders.</u>

2. The Notice was adequate and sufficient under the circumstances of this Chapter 11 case and these proceedings and complied with the various applicable requirements of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and the procedural due process requirements of the United States Constitution.

C. <u>Good Faith Of The Buyer</u>

1. The Buyer is purchasing the Purchased Assets in good faith and is a good faith purchaser within the meaning of 11 U.S.C. § 363(m), and is therefore entitled to the protection of that provision, and otherwise has proceeded in good faith in all respects in connection with this proceeding in that: (a) the Buyer recognized that the Debtor was free to deal with any other party interested in acquiring the Purchased Assets; (b) the Buyer agreed to provisions in the APA approved

Doc: 12738888/2

in the Bid Procedures Order which would enable the Debtor to accept a higher and better offer for the Purchased Assets at the Sale Hearing; (c) all payments and other consideration to be given by the Buyer and other agreements or arrangements entered into by the Buyer in connection with the Sale have been disclosed; (d) the Buyer has not violated 11 U.S.C. § 363(n) by any action or inaction; and (e) the negotiation and execution of the APA, the Exhibits and Schedules thereto, and all other agreements and instruments related thereto were conducted in good faith and at arms-length.

D. <u>Competing Offers</u>

1. The Debtor and its professionals have conducted the sale process in compliance with the Bid Procedures Order, and have afforded interested potential purchasers a full and fair opportunity to make higher and better offers.

2. No competing offers were submitted pursuant to the Bid Procedures Order.

E. <u>Approval of Motion</u>

1. The Buyer is a third-party purchaser unrelated to the Debtor and the Nondebtor Seller.

2. The purchase terms, as set forth in the APA, are fair and reasonable under the circumstances of this Chapter 11 case and these proceedings.

3. The Motion should be approved as it is in the best interests of creditors.

4. The APA represents a fair and reasonable offer under the circumstances of this Chapter 11 case and these proceedings.

5. The Transactions are not being entered into in order to escape liability for the debts of Debtor's estate.

Doc:12738888/2

F.  The Buyer Is Not a Mere Continuation of the Debtor

1. The Buyer was not created for the purpose of acquiring the Debtor's product line.

2. Any employees who are to be retained by the Buyer are being hired under new employment contracts or other arrangements to be entered into or to become effective at or after the time of the Closing.

3. No common identity of incorporators, directors or stockholders exists between the Buyer and the Debtor or between the Buyer and the Nondebtor Seller.

4. The Buyer is not purchasing all of the Debtor's or Nondebtor Seller's assets. The Buyer is not purchasing the Excluded Assets, as set forth in the APA.

5. The Sale and the Transactions are for fair consideration of equivalent value. The Sale has been properly noticed.

6. The Buyer is not holding itself out to the public as a continuation of the Debtor or of the Nondebtor Seller.

G.  Miscellaneous

1. To the extent any Findings of Facts set forth in Section I, Paragraphs A–G and all sub-parts thereto, herein constitute Conclusions of Law, the Court so concludes.

II. CONCLUSIONS OF LAW

The Court Hereby Enters the Following Conclusions of Law:

Jurisdiction, Final Order And Statutory Predicates

1. The Court has jurisdiction to hear and determine the Sale Motion and to grant the relief requested in the Sale Motion pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(b).

2. This Order constitutes a final and appealable order within the meaning of 28 U.S.C. § 158(a). To any extent necessary under Bankruptcy Rule 9014 and Rule 54(b) of the Federal Rules of Civil Procedure as made applicable by Rule 7054 of the Federal Rules of Bankruptcy Procedure, the Court expressly finds that there is no just reason for delay in the implementation of this Order, and expressly directs entry of judgment as set forth herein.

3. This proceeding is a "core proceeding" within the meaning of 28 U.S.C. § 157(b)(2)(a), (n) and (o).

4. The statutory predicates for the Sale Motion are Sections 105, 363(b) and (f) and 365(a) of the Bankruptcy Code and Rules 2002(a)(2), 6004(a), (b), (c), (g) and (e), 6006(a), (c), and (d), 9014, and 9019(a) of the Federal Rules of Bankruptcy Procedure.

5. The proposed Sale constitutes a sale of property of the Debtor's estate outside the ordinary course of business within the meaning of Section 363(b) of the Bankruptcy Code.

B. Section 363 Sale

1. Except for the Purchased Assets that are assets owned by the Nondebtor Seller, the Purchased Assets are property of the Debtor's estate and title is vested in the Debtor's estate.

2. The Debtor is authorized to sell property of its estate pursuant to 11 U.S.C. § 363(b), free and clear of the Liens if the applicable provisions of 11 U.S.C. § 363(f) have been satisfied.

3. The provisions of Section 363(f) of the Bankruptcy Code have been satisfied.

4. Given all of the circumstances of this Chapter 11 case and the adequacy and fair value of the purchase price under the APA, the proposed Sale of the Purchased Assets to the

Buyer constitutes a reasonable and sound exercise of the Debtor's business judgment and should be approved.

C. <u>Retention Of Jurisdiction</u>

1. It is necessary and appropriate for the Court to retain jurisdiction to, *inter alia*, interpret and enforce the terms and provisions of this Order and the APA and to adjudicate, if necessary, any and all disputes concerning the assumption and assignment of the Assumed Executory Contracts, any right, title, (alleged) property interest, including ownership claims, relating to the Purchased Assets and the proceeds thereof, as well as the extent, validity and priority of all Liens relating to the Purchased Assets.

D. <u>No Successor Liability</u>

1. The Buyer does not constitute a successor to the Debtor, its estate or the Nondebtor Seller.

2. The Sale does not amount to a consolidation, merger or de facto merger of the Buyer and the Debtor, the Debtor's estate or the Nondebtor Seller.

3. The Buyer is not merely a continuation of the Debtor, the Debtor's estate or the Nondebtor Seller; there is not substantial continuity between the Buyer and the Debtor or the Buyer and the Nondebtor Seller; and there is no continuity of enterprise between the Debtor and the Buyer or the Nondebtor Seller and the Buyer.

E. <u>Miscellaneous</u>

1. To the extent any Conclusion of Law set forth in Section II, Paragraphs A–E herein constitutes a Finding of Fact, this Court so finds.

Doc:12738888/2

2. The Court has authorized submission of proposed findings of fact and conclusions of law by counsel for the Buyer. The Court has independently reviewed and approves of same and by signature hereto, makes the proposed findings and conclusions the findings and conclusions of the Court.

###

Respectfully Submitted,

**GORDON ARATA McCOLLAM DUPLANTIS & EAGAN, LLP**
400 E. Kaliste Saloom Rd.
Ste. 4200
Lafayette, LA 70508
Phone (337) 237-0132
Fax (337) 237-3451
**Gerald H. Schiff (#11775)**

-And-

**GORDON ARATA McCOLLAM DUPLANTIS & EAGAN, LLP**
301 Main Street, Suite 1600
Baton Rouge, LA 70825
Phone (225) 381-9643
Fax (225) 336-9763

By: /s/ Brandon A. Brown
 **Brandon A. Brown (#25592)**

-And-

**WILEY REIN LLP**
7925 Jones Branch Dr., Ste. 6200
McLean, VA 22102
Phone (703) 905-2826
Fax (703) 905-2820
 **Valerie Morrison**
 **Dylan Trache**
*Counsel for Cajun Operating Company*

This Order was prepared and is being submitted by:
Law Offices of Tom St. Germain, LLC
By: Tom St. Germain
Attorney for: Debtors
Bar No.: 24887
Mailing Address: 1414 NE Evangeline Thrwy., Lafayette, LA 70501
Telephone No.: (337) 235-4001